IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Misty Pavlinchak Brady, | ) | C/A No. 0:19-1837-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Andrew Saul, Commissioner of Social Security,[1] | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

    This social security matter is before the court pursuant to Local Civil Rule 83.VII.02 (D.S.C.) and 28 U.S.C. § 636(c) for final adjudication, with the consent of the parties, of the plaintiff's petition for judicial review. The plaintiff, Misty Pavlinchak Brady, brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) to obtain judicial review of a final decision of the defendant, Commissioner of Social Security ("Commissioner"), denying her claims for Supplemental Security Income ("SSI"). Having carefully considered the parties' submissions and the applicable law, the court concludes that the Commissioner's decision should be reversed and that the case should be remanded for further consideration as explained below.

## SOCIAL SECURITY DISABILITY GENERALLY

    Under 42 U.S.C. § 1382c(a)(3)(H)(i), as well as pursuant to the regulations formulated by the Commissioner, the plaintiff has the burden of proving disability, which is defined as an "inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 416.905(a); see

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Andrew Saul is substituted as the named defendant because he became the Commissioner of Social Security on June 17, 2019.

also Blalock v. Richardson, 483 F.2d 773 (4th Cir. 1973).  The regulations generally require the Administrative Law Judge ("ALJ") to consider, in sequence:

(1) whether the claimant is engaged in substantial gainful activity;

(2) whether the claimant has a "severe" impairment;

(3) whether the claimant has an impairment that meets or equals the requirements of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("the Listings"), and is thus presumptively disabled;

(4) whether the claimant can perform her past relevant work; and

(5) whether the claimant's impairments prevent her from doing any other kind of work.

20 C.F.R. § 416.920(a)(4).[2]  If the ALJ can make a determination that a claimant is or is not disabled at any point in this process, review does not proceed to the next step.  Id.

Under this analysis, a claimant has the initial burden of showing that she is unable to return to her past relevant work because of her impairments.  Once the claimant establishes a *prima facie* case of disability, the burden shifts to the Commissioner.  To satisfy this burden, the Commissioner must establish that the claimant has the residual functional capacity, considering the claimant's age, education, work experience, and impairments, to perform alternative jobs that exist in the national economy.  42 U.S.C. § 1382c(a)(3)(A)-(B); see also McLain v. Schweiker, 715 F.2d 866, 868-69 (4th Cir. 1983); Hall v. Harris, 658 F.2d 260, 264-65 (4th Cir. 1981); Wilson v. Califano, 617 F.2d 1050, 1053 (4th Cir. 1980).  The Commissioner may carry this burden by obtaining testimony from a vocational expert.  Grant v. Schweiker, 699 F.2d 189, 192 (4th Cir. 1983).

---

[2] The court observes that effective August 24, 2012, ALJs may engage in an expedited process which permits the ALJs to bypass the fourth step of the sequential process under certain circumstances.  20 C.F.R. § 416.920(h).

**ADMINISTRATIVE PROCEEDINGS**

In February 2015, Brady applied for SSI, alleging disability beginning February 12, 2015. Brady's application was denied initially and upon reconsideration, and she requested a hearing before an ALJ. A hearing was held on March 1, 2018, at which Brady appeared and testified and was represented by Rangeley B. Bailey, Esquire. The ALJ issued a decision on August 22, 2018, concluding that Brady had not been disabled since the application was filed on February 26, 2015. (Tr. 19-28.)

Brady was born in 1965 and was fifty years old on the date the application was filed. She has a high school education. (Tr. 198.) Brady alleged disability due to depression, anxiety, hypothyroidism, COPD, fibromyalgia, a bulging disc in her neck, hyperlipidemia, hypoglycemia, bipolar disorder, and agoraphobia. (Tr. 197.)

In applying the five-step sequential process, the ALJ found that Brady had not engaged in substantial gainful activity since February 26, 2015—the date the application was filed. The ALJ also determined that Brady's substance abuse and mood disorder were severe impairments. However, the ALJ found that Brady did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (the "Listings"). The ALJ found, after consideration of the entire record, that Brady retained the residual functional capacity "to perform a full range of work at all exertional levels but with the following nonexertional limitations: understanding, remembering, and carrying out simple instructions; and no frequent public interaction." (Tr. 23.) The ALJ found that Brady had no past relevant work, but that considering Brady's age, education, work experience, and residual functional capacity, there were jobs that existed in significant numbers in

the national economy that Brady could perform. Therefore, the ALJ found that Brady had not been disabled since her application was filed on February 26, 2015.

The Appeals Council denied Brady's request for review on April 29, 2019, thereby making the decision of the ALJ the final action of the Commissioner. (Tr. 5-9.) This action followed.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), the court may review the Commissioner's denial of benefits. However, this review is limited to considering whether the Commissioner's findings "are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996); see also 42 U.S.C. § 405(g); Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987). Thus, the court may review only whether the Commissioner's decision is supported by substantial evidence and whether the correct law was applied. See Brown v. Comm'r Soc. Sec. Admin., 873 F.3d 251, 267 (4th Cir. 2017); Myers v. Califano, 611 F.2d 980, 982 (4th Cir. 1980). "Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; it consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Craig, 76 F.3d at 589; see also Biestek v. Berryhill, 139 S. Ct. 1148, 1154 (2019); Pearson v. Colvin, 810 F.3d 204, 207 (4th Cir. 2015). "Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains 'sufficien[t] evidence' to support the agency's factual determinations." Biestek, 139 S. Ct. at 1154 (citation omitted). In reviewing the evidence, the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." Craig, 76 F.3d at 589; see also Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012). Accordingly, even if the court

disagrees with the Commissioner's decision, the court must uphold it if it is supported by substantial evidence. Blalock, 483 F.2d at 775.

## DISCUSSION[3]

Although Brady does not detail her precise issues on appeal, upon review of the parties' briefs, the ALJ's decision, and the record in this matter, the court is constrained to agree that this matter should be remanded for further consideration and evaluation of Brady's physical limitations. The court is simply unable to determine whether the ALJ's residual functional capacity assessment is supported by substantial evidence. As argued by Brady, the ALJ discounted both of the opinions from the state agency records reviewers limiting Brady to light work, as well as the opinion from Sylvia Watts, Brady's treating nurse practitioner. However, the ALJ found that Brady retained the ability to perform a full range of work at all exertional levels. Upon careful review of the ALJ's decision, the court concludes that the bases for this determination are unclear.

Here, the ALJ discounted all of the opinion evidence indicating Brady had exertional limitations. Specifically, the ALJ found as follows as to these opinions:

> In June 2015, Dale Van Slooten, M.D., a State Agency medical consultant, reviewed the record and concluded that the claimant's fibromyalgia was a severe impairment. Dr. Van Slooten found that the claimant was able to lift and carry up to 20 pounds occasionally and 10 pounds frequently, stand and/or walk for about 6 hours in an 8-hour workday, sit for about 6 hours in an 8-hour workday, and perform all postural activities occasionally (Exhibit B2A). In November 2015, Jean Smolka, M.D., a State Agency medical consultant, conducted an updated review of the record and affirmed Dr. Van Slooten's opinion (Exhibit B4A). I give little weight to the State Agency medical consultants' opinions, as they appear to be based primarily on medical evidence regarding the period prior to the claimant's alleged onset of disability. Further, these opinions were provided within the first 9

---

[3] The court notes that numerous social security regulations and social security rulings (SSRs) have changed effective March 27, 2017. However, these changes specifically state that they are applicable to claims filed *on or after* March 27, 2017. See, e.g., 20 C.F.R. §§ 416.913, 416.927. Because the instant claims were filed prior to that date, all references in the instant Order are to the prior versions of the regulations which were in effect at the time Brady's application for benefits was filed, unless otherwise specified.

>    months of the relevant period, while more than 2 ½ years have elapsed since they were issued.  As noted above, the medical evidence of record throughout the relevant period shows little, if any, treatment of the claimant's fibromyalgia and few supportive clinical findings.  I therefore find that the State Agency medical consultants' opinions are inconsistent with the evidence record.
>
>    . . . .
>
>    In January 2018, Sylvia Watts, FNP, the claimant's primary care provider, reported that she had been treating the claimant every 3 to 6 months for more than 5 years. Ms. Watts noted that the claimant had been diagnosed with fibromyalgia, fatigue, COPD, anxiety/depression, irritable bowel syndrome, and hypothyroidism.  She indicated that the claimant had chronic, persistent multiple joint and muscle pain. Ms. Watts noted that the claimant had medication side effects of drowsiness, dizziness, constipation, and nausea.  She indicated that the claimant could walk up to 2 blocks, sit for about 2 hours total in an 8-hour day and stand for about 4 hours total in an 8-hour day.  Further, Ms. Watts asserted that the claimant would need a job that permitted shifting positions at will from sitting, standing, or walking, that she would need to take unscheduled breaks, and that she must include periods of walking around during an[] 8-hour working day.  She indicated that the claimant could lift up to 10 pounds occasionally, and twist and stoop (bend) occasionally. Ms. Watts indicated that the claimant should never climb ladders and rarely crouch/squat or climb stairs.  She estimated that the claimant was likely to be off task about 20% of a typical workday and absent from work about 4 days per month. Ms. Watts noted that the claimant's anxiety limited her to performance of low stress work.  Further, she indicated that the claimant had social dysfunction in a work setting and should avoid extreme temperatures, gases, and wetness (Exhibit B21F). I give little weight to Ms. Watts' opinion, as the assessed limitations are inconsistent with primary care treatment records documenting minimal physical and mental status abnormalities throughout the relevant period.  Examinations fail to show weakness, gait abnormalities, limited range of motion, attention problems, or other clinical findings supportive of Ms. Watts' opinion.  Further, examinations documented by other treatment providers also fail to show clinical findings consistent with the significant limitations set forth in this opinion.

(Tr. 21-22, 25.)

Elsewhere in the decision, the ALJ summarized Brady's hearing testimony and evidence concerning Brady's mental impairments.  However, in discounting the only opinion evidence regarding Brady's physical limitations, the ALJ did not specify precisely which records are inconsistent with these opinions.  See 20 C.F.R. § 416.913a(b)(1) ("Administrative law judges are not required to adopt any prior administrative medical findings, but they must consider this

evidence according to §§ 416.920b, 416.920c, 416.927 as appropriate, because our Federal or State agency medical or psychological consultants are highly qualified and experts in Social Security disability evaluation."); 20 C.F.R. § 416.927(f)(1) (providing that the same factors listed in 20 C.F.R. § 416.927(c)(1)-(c)(6) should be applied in weighing opinions from medical sources who are not acceptable medical sources that are applied to opinions from acceptable medical sources). It is unclear which aspects of the challenged opinions are inconsistent with which records, and it is unclear which parts of the opinions were discounted and why. Thus, the ALJ appears to have discounted these opinions without sufficient explanation as to how these opinions are inconsistent with and unsupported by the evidence or the clinical findings. Thus, the ALJ's decision lacks sufficient analysis for the court to conduct a meaningful review of the decision. See Monroe v. Colvin, 826 F.3d 176, 191 (4th Cir. 2016) (finding meaningful review was precluded where an ALJ gave an opinion limited weight because "the objective evidence or the claimant's treatment history did not support the consultative examiner's findings" but did not specify what objective evidence or treatment history he was referring to). Further, Brady has directed the court to substantial medical evidence and clinical findings that arguably support these opinions, including the consistency of the opinions among the reviewers and treating nurse practitioner. Brady has also pointed out her financial limitations, which may have impacted her ability to seek care during the relevant period.

In summary, upon review of the ALJ's decision and the record, the court is unable to determine whether the ALJ's decision to discount the above opinions is supported by substantial evidence. See 20 C.F.R. § 416.927(c); cf. Mastro v. Apfel, 270 F.3d 171, 178 (4th Cir. 2001) (stating that "if a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight") (internal

quotation marks and citation omitted). Even considering the ALJ's decision in its entirety and recognizing that the ALJ appears to have applied the requisite factors, it is unclear precisely which aspects of the evidence the ALJ believed supported his application of the factors. Therefore, the court is constrained to agree with Brady that the ALJ's conclusory evaluation of the opinion evidence leaves the court guessing as to the support for the reasons these opinions were given little or partial weight; moreover, completely absent from this decision is how the ALJ arrived at Brady's exertional aspect of her residual functional capacity. See, e.g., Mascio v. Colvin, 780 F.3d 632, 636-37 (4th Cir. 2015) (holding remand may be appropriate when the courts are left to guess at how the ALJ arrived at the conclusions and meaningful review is frustrated); see also Monroe, 826 F.3d at 189 (remanding where the ALJ failed to "build an accurate and logical bridge from the evidence to his conclusion") (citation omitted). Moreover, where, as here, the record appears to contain conflicting medical evidence, it is the purview of the ALJ to first consider and weigh the evidence, and resolve the conflict.[4] See Craig, 76 F.3d at 589 (stating that the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]"); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990) (holding that it is the ALJ's responsibility, not the court's, to determine the weight of evidence and resolve conflicts of evidence). Therefore, the court is constrained to order that this matter be remanded for further consideration of this opinion evidence.

---

[4] Accordingly, the court expresses no opinion as to whether further consideration of the opinion evidence by the ALJ should necessarily lead to a finding that the opinions at issue are entitled to additional weight or that Brady is ultimately entitled to benefits. Further analysis and discussion may well not change the ALJ's conclusion on this point.

**ORDER**

Based on the foregoing, it is hereby

**ORDERED** that the Commissioner's decision be reversed pursuant to sentence four of 42 U.S.C. § 405(g) and that the case be remanded to the Commissioner for further consideration as discussed above.

**IT IS SO ORDERED.**

July 24, 2020
Columbia, South Carolina

Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE